**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Alexandria Division*

| | |
|---|---|
| In re:  MOHAMED E. HASSAN and<br>     MIRIAM A. HASSAN, | Case No.:  10-19957-RGM<br>Chapter 13 |
| Debtors | |
| _____ | |
| MOHAMED E. HASSAN and<br>MIRIAM A. HASSAN, | AP Case No.: 11-01002-RGM |
| Plaintiffs, | |
| v. | |
| DEUTSCHE BANK TRUST COMPANY<br>AMERICAS AS TRUSTEE FOR RALI<br>2006QA7, GMAC MORTGAGE, LLC,<br>ETS OF VIRGINIA, INC., as Substitute<br>Trustee, and Larry F. Pratt, | |
| Defendants. | |
| _____ | |

**MEMORANDUM IN OPPOSITION TO**

**(1) DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2006QA7's MOTION FOR JUDGMENT ON THE PLEADINGS;**

**(2) DEFENDANT GMAC MORTGAGE, LLC's MOTION FOR JUDGMENT ON THE PLEADINGS; AND**

**(3.) DEFENDANT ETS OF VIRGINIA, INC.'s MOTION FOR JUDGMENT ON THE PLEADINGS.**

Chapter 13 Debtors and Plaintiffs Mohamed E. Hassan and Miriam A. Hassan, by

Counsel, respectfully submit this memorandum in opposition to the essentially duplicate Motions

for Judgment on the Pleadings filed herein by Defendants Deutsche Bank Trust Company

Americas as Trustee for RALI 2006QA7, GMAC Mortgage, LLC and ETS OF VIRGINIA,

INC..

Defendants' motions should be denied and the matter set for trial.

Defendants' motions and seemingly detailed supporting memoranda misconstrue the nature of Plaintiffs' claims herein, gloss over and neglect to note important and critical facts, and are belied by Defendants' own very, very recent admissions that Defendants themselves still deem Plaintiffs to be the rightful owners of Plaintiff's home located at 3500 James Madison Highway, Haymarket, Virginia 20169 ("Plaintiffs' Home").  **(See Exhibits D and E hereto.)**

While Counsel for Plaintiffs appreciates the time, energy and effort Defendants and their Counsel obviously devoted to the preparation of three separate (effectively identical) memoranda, motions and notices, in truth, matters are much simpler than Defendants' nearly 300 pages of words and exhibits would suggest.  Plaintiffs will, therefore, restrict their memoranda to only those points which are essential to the denial of Defendants' motions.

**Standard of Review.**

In resolving a motion under F.R.Civ.P 12(b)(6) the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove ___*any*___ set of facts to support a claim that would merit relief.

**I.    Plaintiffs Seek To Set Aside A Void Alleged Foreclosure Sale.**

The facts as well plead in Plaintiffs' complaint (and frequently admitted by Defendants in their moving papers) establish that, in July, 2010, Defendants purported to carry out a "foreclosure" sale without cause,

- after wrongfully and falsely claiming that Plaintiffs were in default (through, among other things, Defendants' improper, erroneous and duplicate payment of nearly $8,452.59 in real property taxes **(see Exhibit A hereto, and page 1 and numbered paragraph 2 thereof)** and the refusal to acknowledge Defendants' error or give Plaintiffs' credit for Defendants' said duplicate, and unnecessary, property tax payments),

- after wrongfully and falsely denying that Plaintiffs had made a payment to GMAC of $9,478.72 in January, 2010, and, on the basis of this denial, claiming falsely that Plaintiffs were "in default" **(see Exhibit A hereto, and page 1 and numbered paragraph 4 thereof)**,

- after entering into an special payment agreement with Plaintiffs that modified Plaintiffs' mortgage payments, then to wrongfully and fraudulently then refuse to honor the agreement **(see Exhibit A hereto, and page 7 thereof)**, and

- based upon a fatal ambiguity into the legal description of the subject of the foreclosure sale which would have prevented any reasonable person from knowing what property was meant **(see Exhibit B hereto, and page 1 thereof, together with Defendants' Exhibits referred to _infra_ in section VI of this memorandum)**.

Plaintiffs herein clearly allege in their complaint that they seek to "set-aside" the foreclosure sale based upon these matters.  Defendants' characterization of Plaintiffs' claims as being based in "declaratory relief" is a red-herring and lacks merit.

[3]

**II.**     **Defendants Got Plenty of Notice of Their Mis-Deeds, and, Did Nothing.**

Even ignoring the multiple complaints, letters, phone calls and pleas from Plaintiffs to

Defendants' – all of which fell on deaf ears and none of which motivated Defendants to take any

corrective action – leading up to the void alleged foreclosure sale in July, 2010, Defendants got

plenty of notice their "alleged breach and [Defendants were] afforded … a reasonable period

after the giving of notice to take corrective action".

For example, Plaintiffs, appearing ***in pro per*** mounted a vigorous defense to that

unlawful detainer action brought by Defendants on the strength of the void foreclosure in

Deutsche Bank Trust Company Americas as Trustee v. Mohamed E. Hassan and Miriam Hassan,

Prince William County General District Court Case No. GV 10-014325-00 ("GENERAL

DISTRICT COURT CASE).  In fact, in September, 2010, at the hearing of the unlawful detainer

action Plaintiffs understood the Judge who entered judgment against Plaintiffs herein

(Defendants in the unlawful detainer action) to express the belief that Plaintiffs seemed to have

valid complaints against Defendants (Plaintiffs therein), but opined that under the strictures of

the unlawful detainer action, he had no discretion to entertain Plaintiffs' complaints, and so

advised Plaintiffs to appeal his ruling to the Circuit Court.  Which Plaintiffs (Defendants therein)

did.

Plaintiffs herein (Defendants therein) gave Defendants herein (Plaintiffs therein) ***further***

notice of their claims against Defendants when they filed their notice of appeal and posted a

$10,500.00 bond.  A hearing on Plaintiffs appeal of the General District Court unlawful detainer

judgment was then set for December 7, 2010 in the case of Deutsche Bank Trust Co. v.

Mohamed Hassan, Prince William Circuit Court Case No. 153 CL 10-005968-00 ("CIRCUIT

COURT APPEAL").  (A true and correct copy of papers filed by Plaintiffs in connection with these actions is annexed hereto as **Exhibit A**.)

And, as if Plaintiffs' vigorous defense of the GENERAL DISTRICT COURT CASE and the CIRCUIT COURT APPEAL were not enough to notify Defendants herein of Plaintiffs' claims that Defendants are in breach of the relevant notes and deeds of trust, Plaintiffs herein, Plaintiffs also filed their chapter 13 petition on November 27, 2011, clearly notifying Defendants herein that Plaintiffs/Debtors claim that the alleged July, 2010 foreclosure sale was carried out in breach of the relevant notes and deeds of trust, and in any event, is void and of no force or effect (see  Schedules D and F to Plaintiffs'/Debtors' chapter 13 petition).

Defendants were been given well over a full year's notice that their actions were in violation of their contractual and fiduciary duties to Plaintiffs – only after all of this, and only after Defendants herein did nothing to right their wrongs, after Defendants actively tried to wrongfully evict Plaintiffs, after Plaintiffs listed Defendants' claims of foreclosure as "disputed" in the schedules to their chapter 13 petition,  did Plaintiffs, as a last resort, finally, file the instant adversary proceeding.

Defendants cannot credibly claim lack of notice.

### III.    Defendants Wrongfully Claimed that Plaintiffs Were in Default in January, 2010 and then Fraudulently Reneged On A Written Promise To Allow Plaintiffs to Make Up the Alleged Default.

Damages:

A footnote on page 13 of DBTCA's motion for judgment on the pleadings insinuates that Plaintiffs are deadbeats and trying to game the system, alleging that Plaintiffs "are [purportedly]

presently still living in the Property and have not been making their monthly mortgage payments."

This is not true. And Defendants' Counsel know it is not true.

Counsel understands that on September 27, 2010, in connection with their appeal from the ruling in the GENERAL DISTRICT COURT CASE, Plaintiffs herein posted a $10,500.00 bond, which the Judge in said GENERAL DISTRICT COURT CASE deemed to be sufficient 'rent' to protect Defendants' interests while the unlawful detainer judgment was being appealed.

And, what is more, on February 9, 2011, at the hearing on Defendants' objection to confirmation of Plaintiffs' chapter 13 plan, and the continued hearing of Defendants' Motion for Relief from Stay, Ms. Tameka Collier, Esquire (after herself having raised the issue as to what would be done with the $4,000.00 per month mortgage payments Plaintiffs/Debtors listed in Schedule D) on behalf of Defendants agreed to hold Plaintiffs' mortgage payments in Defendants' Counsel's coffers until the conclusion of this adversary proceeding. After some discussion, it was agreed by both parties' Counsel (Ms. Collier and Mr. Weible) and the chapter 13 Trustee, and ordered by this Court, that Plaintiffs would pay the $4,000.00 per month (the amount Defendants' -- fraudulently -- promised Plaintiffs' would be their loan modification payment before reneging on this promise) from December 1, 2010 (the next mortgage payment due after the filing of the chapter 13 case herein on November 27, 2010) until this adversary proceeding is decided, and Defendants' Counsel would hold those funds.

As promised, Plaintiffs have dutifully set aside that $4,000.00 per month for every month since the filing of the chapter 13 case herein. Counsel understands that, as of the date of the filing of this memoranda, Plaintiffs have waiting in their savings account $24,000.00 representing their promised mortgage payments for December, 2010 and January, February,

[6]

March, April and May, 2011.  And, Plaintiff's mortgage payments would have been long since

paid to Defendants' Counsel, except that, after several inquiries by Plaintiffs' Counsel,

Defendants' Counsel failed to provide instructions as to who to pay it to, and Defendants'

Counsel then asked Plaintiffs' Counsel if ***Plaintiffs'*** Counsel could hold the money in his IOLTA

trust account (which he cannot due to the way such trust accounts are set up).  On March 15,

2011, at 3:55 p.m., Counsel for Plaintiffs duly advised Defendants' Counsel (Mr. Ostroff) that

Defendants would have to make some arrangement to receive and hold the funds.  Defendants

have failed to do so.

Plaintiffs are ready, willing and able to pay their agreed mortgage payments.  The failure

of Defendants' Counsel to make arrangements to receive and hold Plaintiffs' mortgage payments

after Defendants' Counsel specifically asked for them to be made and stipulated in open court to

receive such payments (after the chapter 13 trustee wisely declined Defendants' Counsel's

suggestion that he accept such payments – as his receipt of such payments would subject them to

the trustee's '10%' compensation' and so increase Plaintiffs' plan payments by almost $400.00

per month) is just one more example of the kinds of mistakes and misstatements which have

littered this situation and brought Plaintiffs to this court for relief.

Plaintiffs have suffered the permanent loss of their personal time, effort and energy to

prevent their eviction;  Plaintiffs' have had to pay a filing fee to appeal the GENERAL

DISTRICT COURT CASE;  Plaintiff Mr. Hassan has had suffer damage to his reputation as a

respected member of the Prince William County Islamic community;  Plaintiffs have had to file a

chapter 13 bankruptcy case (at no small economic outlay) ***solely*** because of Defendants' broken

promises, void attempts to foreclose on Plaintiffs' home and wrongful attempts to evict Plaintiffs

– thus suffering massive damage to their credit standing.  Even leaving aside their attorneys fees

[7]

and costs paid in this chapter 13 case, Plaintiffs have suffered ample damages for which

compensation may be awarded.

<u>Fraud:</u>

Plaintiffs are of the opinion that, Defendants, and each of them (since they are one and

the same, according to their memoranda) reeling from a mind numbing exposure to increasingly

toxic loans all across the United States, intentionally, wrongfully and fraudulently reached an

"intra-corporate" agreement, almost certainly with the advice and consent of their respective

corporate attorneys, to manufacture reasons to foreclose on as many 'troubled' properties as they

and could in order to rid themselves of the overwhelming inventory of dangerous loans they

were holding.

Plaintiffs contend that one such case is now before this Court.  In this present case

involving Plaintiffs' Mohamed and Miriam Hassan, Defendants did this by

- pretending they did not know that Plaintiffs have been paying Plaintiffs' real property

  taxes directly to Prince William County for the life of the loans;

- making duplicate payments of those property taxes, refusing to thereafter fix the

  overpayment caused by Defendants' own malfeasance;

- persisting in claiming that (because of Defendants' overpayment) that Plaintiffs were

  "in default" of their obligations under the notes and deeds of trust;

- of refusing to acknowledge, losing or simply not crediting Plaintiffs with Plaintiffs'

  January, 2010 payment of $9,478.72;

- of promising Plaintiffs a special repayment plan in the amount of $4,000.00 per

  month beginning March 1, 2010;

- after Plaintiffs had relied upon the promise of a $4,000.00 per month special payment, of reneging without reason or explanation;

- of wrongfully refusing to accept further payments after maneuvering Plaintiffs into a position where Defendants could claim that Plaintiffs were "late" in their payments; and

- of purporting to hold a foreclosure sale based upon a fatally defective, and incomplete, legal description of Plaintiffs Home.

Defendants, while purporting to be acting under the terms of the various notes and deeds of trust, seem, to the contrary, to have made every effort possible to violate those terms in such a way that no one could readily tell what had been done nor what the reasons for their actions were. Plaintiffs believe that this was done for the purpose of ridding Defendants of an unwanted loan when they had no basis to do so lawfully.

These allegations are sufficient to withstand Defendants' motions for judgment on the pleadings.

### IV.    Defendants Admit Joint and Several Liability For All Acts of the Others.

Defendants admit and allege – through their resort to the "intra-corporate immunity doctrine" – that "under established Virginia law, Deutsche Bank and the other Defendants are one and the same" for the purposes of determining how Defendants have breached their contracts with Plaintiff and have otherwise violated their rights.

Plaintiffs accept this admission as binding on Defendants and ask that the Court, in its Order on Defendants' various motions so find.  On the condition that Defendants stipulate to

inclusion of such a finding in the Court's order on these motions, Plaintiffs' are willing to withdraw their "conspiracy" claims against Defendants and each of them.

**V.      Defendants Have Wrongfully Clouded Plaintiffs Legal Title to Their Home and Wrongfully Attempted to Foreclose on Plaintiffs' Home.**

It is not Virginia's non-judicial foreclosure statute, **_per se_**, which Plaintiffs' claim constituted a taking of their property (the title to their family home) without due process of law.

It is the wrongful and void use of such statutes by Defendants, with the cooperation and support of the Prince William County General District Court through its judgment affirming the (purported) validity of a foreclosure sale which was void on its face as being based upon a facially defective legal description, which constitutes a taking of Plaintiffs' property without due process of law.

**VI.     The Purported Notice Of Foreclosure Sale, Upon Which The Void Foreclosure Sale Is Based, Is Fatally Defective On Its Face.**

A recorded copy of the Deed by which Plaintiffs obtained title to the land upon which their home now sits (Plaintiffs bought raw land, built their home and the deeds of trust in issue in this case were put in place to bring the land purchase loan and construction loans under one umbrella) is annexed hereto as **Exhibit B.**  The legal description of Plaintiffs' home, in pertinent part, reads as follows:

"Beginning with at a point in the northwest right-of-way of James Madison Highway, a/k/a U.S Route 15, corner to Peyton ….

[10]

"AND BEING the same property conveyed to the Grantor from by Deed of Dedication

recorded in Deed Book 2137 at Page 1822, among the land records of PRINCE

WILLIAM, Virginia."


*__None__* of the Exhibits offered by Defendants include even *__one__* word of the second

paragraph of the legal description.  This critical information is essential to properly identifying

the parcel in question.

What is more, Defendants do not provide in their motion papers either the instrument

which allegedly authorized Defendant ETS to act as Substitute Trustee, or a true and correct

copy of the recorded document they claim is the Substitute Trustee Deed **(see Exhibit E to**

**GMAC's and ETS' memoranda)**.

Finally, the careless spell checking of the word "COMMENWEALTH" in ETS's

"Substitute Trustee's Deed", is soooooooooo glaring that any sane person, considering whether

to pay several hundred thousand dollars for a piece of real estate, being aware of the nearly 100

pages of deeds of trust, notes and loan modifications involved, and then noticing that the legal

description contained in the $150,000.00 Deed of Trust **(recorded instrument number**

**200604100056507, and Exhibit B to each of Defendants' memoranda),** strongly suggests that

Plaintiffs' Home is located in "Oakton" instead of Haymarket, Virginia by virtue of its reference

to "Oeyton" … any such sane person would insist that these errors, and any others which one

would could conclude were lurking in the boilerplate, must be clarified before accepting title.

No one who really wanted to buy this house, in other words, would do so until the legal

description was clarified to unambiguously refer to <u>this</u> house and not another house in Oakton,

[11]

Virginia.  Defendants' cannot foreclose – their attempted foreclosure is void – under these circumstances.

It would have been a simple thing for Defendants' to have filed reformed Deeds of Trust before rushing to foreclose.  That they did not do so, and then based their eviction action on a Substitute Trustee's Deed with perpetuated errors in the Deeds of Trust and added a further error of its own, reflects Defendants' failure to take due care to carry out their duties to Plaintiffs.

**VII.    Defendants Promised Plaintiffs a Special Repayment Plan.  Based Upon This Promise, Plaintiffs Arranged Their Financial Affairs So As to Meet The Requirements of Defendants' Special Repayment Plan.  Defendants Are, Therefore Estopped From Declaring That Plaintiffs Are "In Default" And Must Honor Defendants' Own Special Repayment Plan.  Moreover, Plaintiffs Have Made some $17,931.44 In Payments To Defendants Which Were Never Credited to Plaintiffs' Account.**

As shown by Exhibit D to DBTCA's memorandum in support of its motion for judgment on the pleadings, as of December 1, 2009, Defendants voluntarily granted a "Special Repayment Plan", which entitled Plaintiffs to mortgage payments of $4,000.00 per month for March, April and May, 2010.  Plaintiffs relied upon this contract, arranging their finances so that they could make these payments and handle their other bills at the same time.  Subsequently, without explanation or cause, Defendants – fully knowing that Plaintiffs were relying upon the "Special Repayment Plan" to get their finances straight and to be able to continue in their home, wrongfully attempted to "cancel" such "Special Repayment Plan", even though there is nothing in the terms of the "Special Repayment Plan" which would allow for an early terminations of the

"Special Repayment Plan".  And, to make matters worse, Defendants then, in contravention of

the "Special Repayment Plan" deemed Plaintiffs to be in default.  Of course, at this point,

Plaintiffs having been told first one thing and then the next, first being granted a "Special

Repayment Plan" and then being told they were in default, having paid $8,452.59 in 2009 real

property taxes on The Property only to discover that GMAC had made a duplicate payment for

which GMAC would not credit Plaintiffs **(See Exhibit A hereto, and page 1 and numbered**

**paragraph 2 thereof);** and having paid GMAC a mortgage payment in the amount of $9,487.72

in January, 2010 **(See Exhibit A hereto, and page 1 and numbered paragraph 4 thereof)** only

to have GMAC refuse to credit with these funds … in these circumstances, Plaintiffs did what

any sane person would do, they demanded an accounting, disputed the claims of their being in

default, and tried over and over and over again to find someone at GMAC who might actually

communicate authoritatively with them about their situation, only to be stonewalled.  **(See**

**Exhibit A hereto, and numbered paragraphs 3, 5,7, 8 and 9 thereof).**

Plaintiffs did everything they were supposed to and made some $17,931.44 in payments

which GMAC refused to credit them for as a pretext to placing them in "default" status and

thereafter beginning the inexorable march to a (defective, in any event) foreclosure.  There was

no reputable basis for the foreclosure and it should be set aside.


**VIII.   Only Last Month, March, 2011, Defendant GMAC Confirmed That It**

**Considers Plaintiffs To Still Be The Rightful Owners of Plaintiffs' Home, and**

**Demanded, Therefore, That Plaintiffs Provide Proof of Insurance.**

Annexed hereto as Exhibits D and E, are two recent letters Defendant GMAC mailed to

Plaintiffs in the last month.  Exhibit D is a "Mortgage Account Statement" and a remarkable

[13]

admission.  Exhibit E confirms the admissions made in Exhibit D, by insisting that Plaintiffs

provide proof of insurance, or else GMAC will do so.  Neither of these are communications one

would send to someone who no longer owned Plaintiffs' Home.

**IX.    Under Established Virginia Law, Deutsche Bank And The Other Defendants Are One And The Same, And, Therefore, ETS Cannot Escape Liability Herein By Claiming To Be Merely A Substitute Trustee.**

Defendants judicially admit and allege in their memoranda that "under established

Virginia law, Deutsche Bank and the other Defendants are one and the same".   Consequently,

ETS is not merely a nominal party, and its acts, omissions and wrongs give rise to substantive

liability herein.  Moreover, given Defendants' stark admission of all Defendants being "one and

the same", it appears that, there being no distinction between the Defendants, Defendants failed

to properly appoint a legitimate substitute trustee, effectively acting as the seller, auctioneer and

buyer at the void foreclosure sale.

WHEREFORE, Plaintiffs Mohamed E. Hassan and Miriam Hassan, by counsel,

respectfully request that this Court deny each of Defendants' respective motions for judgment on

the pleadings, and for such other and further relief (including the entry of summary judgment

against Defendants and each of them) as the Court may deem just and appropriate.

Dated:  April 19, 2011                          Respectfully submitted,
                                                Mohamed E. Hassan, and Miriam A. Hassan
                                                by Counsel

                                                /s/ Scott Alan Weible_____
                                                Scott Alan Weible, VSB #75633
                                                Law Offices of Scott Alan Weible, P.L.L.C.
                                                The Haymarket Professional Building
                                                14540 John Marshall Highway, Suite 201
                                                Gainesville, VA  20155-1693
                                                (703) 754-2092; (703) 754-2093 Fax; scott@weible.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of this **MEMORANDUM IN OPPOSITION TO (1) DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS wAS TRUSTEE FOR RALI 2006QA7's MOTION FOR JUDGMENT ON THE PLEADINGS; (2) DEFENDANT GMAC MORTGAGE, LLC's MOTION FOR JUDGMENT ON THE PLEADINGS; AND (3.) DEFENDANT ETS OF VIRGINIA, INC.'s MOTION FOR JUDGMENT ON THE PLEADINGS** on Thomas P. Gorman, Chapter 13 Trustee and Counsel for Deutsche Bank Trust Company Americas, GMAC Mortgage, LLC and ETS of Virginia, Inc., through the court's ECF system; and by first class mail, postage prepaid, on all other interested parties, this 19th day April, 2011.

/s/ Scott Alan Weible
Scott Alan Weible

# Mohamed E. Hassan P.E.
3500 James Madison Hwy, Haymarket VA 20169
703-898-0204
Mohamed417@msn.com

September 12, 2010

Prince William County
General District Court
9311 Lee Avenue
Manassas, VA 20110
ATTN: Civil Division

RE:   **Deutsche Bank Trust Company vs. Mohamed and Miriam Hassan
Case No: V10-14325**

Dear Honorable Judge:

The following are our grounds of defense that the Plaintiff's claim should be denied:

1.  Our mortgage Principle and Interest is $5,094.63 which we paid every month on time since we obtained the mortgage from GMAC and we paid the Prince William County taxes separately.

2.  In 2009 GMAC paid the county taxes without notifying us which we already have paid for that year and started demanding the tax amount $8,452.59.

3.  We spoke with the tax GMAC department and explain that we already paid the taxes for that year but they said it is your problem with the P.W. County.  We tried to solve the problem with the county but they said we only deal with the mortgage company. (see the county extra payment which "refund" which was sent to GMAC)

4.  On January 2010, we sent a check in the amount of $9,478.72 for mortgage payment but tell today no one will tell me where this money was applied to?

5.  We tried several times contacting GMAC but we only get operators who could not help and we insisted on talking to a supervisor that's when we finally spoke with Ms. Kristian Salazar, GMAC manager and she explained that we can work on a loan modification for 3 months to catch up with the tax payments that we have paid twice. (see attached schedule)



PLAINTIFF'S
EXHIBIT
A

Page 1 of 3

6.  On January 15, 2010 we received the loan modification statement which stated that "your special repayment plan request has been honored. Your next installment is due 3/01/10 in the amount of $4,000". (see attachment)

7.  Since January 15, 2010, we have been harassed by GMAC phone callers on a daily bases demanding full payment and we tried to explain that we have an approved modification but they all stated that nothing in the computer and they only doing their job.  We tried to contact Ms. Kristian Salazar but she would not get on the telephone.

8.  On February 09, 2010 we sent a letter to Ms. Salazar, GMAC manager explaining the harassment (see attached copy) but no response except on February 22, 2010 we received a letter from GMAC the loan modification has been cancelled????

9.  We tried to call to find out what is going on but again the mixed messages from GMAC and that no one really care to solve this problem.

10. On June 30, 2010 GMAC sent a letter (see attachment requesting that we send them a request for modification) but unfortunately my brother had died in Egypt and I had to take my 81 years old mother to Egypt for the funeral and we traveled on May 30, 2010 and returned on June 26, 2010

11. **I have never received any foreclosure paper until I received the Court Summons on August 5, 2010.**

12. Judge, we think we have been dealt unjustly and GMAC had no intention to modify the loan but they wanted the foreclosure for whatever reason.  The house one day was worth $1.8 million and now they selling for $600,000 which if they had modified the loan, we would pay it easily.

13. We owned a design/build engineering company which was closed in 2007 due to the market and my wife and I could not find a job but no mercy from GMAC.

14. I hope that the above information clarifies the reason that we believe that GMAC is not entitled to the Foreclosures but they owe us the modification of the loan that they granted and reneged on it and their miscommunication with us.

Thank you for taking the time to read and review our case.

Sincerely,

Mohamed E. Hassan, Owner

Page **2** of **3**

Miriam A. Hassan, Owner

CC:    Deutsche Bank Trust Company Americas as Trustee
       Johnson & Freedman, LLC
       1845 W. Plaza Drive
       Suite A
       Winchester, VA 22601

PRINCE WILLIAM COUNTY, VIRGINIA
TREASURY MANAGEMENT
RECEIPT REPRINT #: 16149618

HASSAN MOHAMED
HASSAN MIRIAM SURV
3500 JAMES MADISON HWY
HAYMARKET VA  20169

RECEIPT NUMBER: 16149618   TRANSACTION DATE: 14-JUL-2009  12:00:00
BUSINESS DATE: 14-JUL-2009 CASHIER: PWCMortCommit

THIS IS A REPRINT!!! AMOUNTS ARE FOR PAYMENTS ON THIS RECEIPT ONLY!
THIS DOES NOT INDICATE FULL PAYMENT ON THE ITEMS BELOW!

| Account # | TxYr | Description | Tax/Fee | Penalty | Interest |
|---|---|---|---|---|---|
| 262291 | 2009 | REF APP:10467765 Over | $1000.00 | *Refund* | |
| | | REAL ESTATE:0  RPC:150030 | | | |
| 262291-1 | 2009 | RE1 150030 PROP OF CH | $3464.15 | | |
| | | REAL ESTATE:1  RPC:150030 | | | |
| 262291-1 | 2009 | ST1 150030 PROP OF CH | $13.18 | | |
| | | REAL ESTATE:1  RPC:150030 | | | |
| 262291-1 | 2009 | SO1 150030 PROP OF CH | $35.00 | | |
| | | REAL ESTATE:1  RPC:150030 | | | |
| --- Acct #: 262291 HASSAN MOHAMED --- | | | | | |

```
                Total Tax Paid:        $3512.33
             Unapplied Payment:        $1000.00
                                     ============
                   Total Paid:         $4512.33

Check #: PWCMortCommit 191             $4512.33
                                     ============
             Total Amount Tendered:    $4512.33
```

Paid By:
GMAC MORTGAGE CORPORATION
% FIRST AMERICAN TAX OUTSOURCING GROUP
1 FIRST AMERICAN WAY
BLDG 5 FL 4
WESTLAKE TX  76262
MORT PROC:MORT COMP:GMAC MORTGAGE CORPORATION

**THANK YOU**

A( ) s National Bank

**Print Date : September 13, 2010**

| | | |
|---|---|---|
| **Account Title** | Access NOW | |
| **Account Number** | xxxx7388 | |
| **Account Type** | Checking | |
| **Interest Rate** | 0.050% | |
| **APY** | 0.050% | |

| | | |
|---|---|---|
| **Account Balance** | $4,062.18 |
| **\*\*Available Balance** | $4,062.18 |
| **2010 Interest** | $2.43 |
| **2009 Interest** | $4.85 |

\*\* This balance may include overdraft or line of credit funds.

### Account #xxxx7388 History
01-15-2010 to 01-25-2010

| Date | Check # | Transaction Description | Credit | Debit | Balance |
|---|---|---|---|---|---|
| 01-15-2010 | | External Deposit GEORGE MASON UNI - PAYROLL | 682.04 | | 17,007.36 |
| 01-15-2010 | 549 | 549 | | 737.72 | 16,269.64 |
| 01-19-2010 | 552 | 552 GMAC Mtg Corp (CHECK PYMT) | | 9,478.72 | 6,790.92 |
| | | Accounts Receivable Entry SERIAL #: 0552 | | | |
| 01-21-2010 | | External Withdrawal CNH CAPITAL AGEN - BILL PAY | | 255.47 | 6,535.45 |
| 01-25-2010 | | Deposit | 2,750.00 | | 9,285.45 |

Wednesday, January 13, 2010

**GMAC Mortgage, LLC**

| | |
|---|---|
| Name: | Mohamed E. Hassan |
| Account No: | 0359312769 |
| Telephone: | (800) 850-4622 (Collection Department) |
| Supervisor: | Kristian Salazar |
| Email: | Kristian.salazar@ictgroup.com |
| Telephone Ext: | 11017 (Teller ID) |
| Fax No: | (866)501-1610 (for letter of Authorization) |
| Fax No: | (866) 709-4744 (Lost Mitigation) |

Ms. Kristian Salazar, Supervisor is going to review the payment and email me the outstanding balance.

Ana Maria, Agent modified the loan payment as follows:

- Starting    2/1/2010    $4,000.00
- 3/1/2010    $4,000.00
- 4/1/2010    $4,000.00
- 5/1/2010    Call back to modify the loan and check status



# FIRST SAVINGS MORTGAGE CORPORATION

PO BOX 4622
WATERLOO IA 50704-4622

#BWNH729Y
#KW04727A60802#

MOHAMED E HASSAN
3500 JAMES MADISON
HAYMARKET VA 20169-1932

## MORTGAGE ACCOUNT STATEMENT

**CUSTOMER INFORMATION**

Name: MOHAMED  HASSAN
Account Number: 0359312769
Home Phone #: (703)898-0204

**PROPERTY ADDRESS**
3500 JAMES MADISON HIGHWAY
HAYMARKET VA 20169

Services Provided By **GMAC Mortgage**

For questions on the servicing of your account,
call 1-800-766-4622.

### MESSAGES

Your special repayment plan request has been honored. Your next installment due is 03/01/10 in the amount of $4,000.00.

## ACCOUNT INFORMATION

| | |
|---|---|
| Account Number | 0359312769 |
| Current Statement Date | January 15, 2010 |
| Maturity Date | July 01, 2036 |
| Interest Rate | 6.62500 |
| Current Principal Balance* | $922,800.00 |
| Current Escrow Balance | $1,714.47- |
| Interest Paid Year-to-Date | $5,094.63 |
| Taxes Paid Year-to-Date | $0.00 |

## ACCOUNT ACTIVITY SINCE LAST STATEMENT

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PROP INSPECTION FEE | | 02/15/10 | $11.25 | | | | | | $11.25 |
| Payment | 11/01/09 | 02/15/10 | 16,978.72 | | $5,094.63 | $1,884.09 | | | $2,500.00 |
| Escrow | 10/01/09 | 02/15/10 | 2,500.00 | | | | | | |
| Receipt | 10/01/09 | 01/15/10 | 703.84 | | | $703.84 | | | |
| PROP INSPECTION FEE | 10/01/09 | 12/14/09 | $11.25 | | | | | | $11.25 |

## DETAILS OF AMOUNT DUE/PAID

See Reverse Side For Important Information

| | |
|---|---|
| Principal and Interest | $5,094.63 |
| Subsidy/buydown | $0.00 |
| Escrow | $1,884.09 |
| Additional Products/Services | $0.00 |
| Amount Past Due | $13,957.44 |
| Outstanding Late Charges | $2,292.57 |
| Other | $8,452.59- |
| Total Amount Due | $14,776.14 |
| Account Due Date | December 01, 2009 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).

## Mortgage Interest Statement

OMB No. 1545-0901

**2009**

Substitute Form 1098

Copy B
For Payer

The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

□ CORRECTED (if checked)

**Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

RECIPIENT'S/LENDER'S name, address, and telephone number
GMAC MORTGAGE
3451 HAMMOND AVE
WATERLOO IA 50702
800-766-4622

RECIPIENT'S federal identification no.    PAYER'S social security number
23-1694840      XXX-XX-0157

1. Mortgage interest received from payer(s)/borrower(s)
   $ 50,946.30

2. Points paid on purchase of principal residence (See Box 2 on back)
   $ 0.00

3. Refund of overpaid interest (See Box 3 on back)
   $ 0.00

4. Mortgage insurance premiums
   $ 0.00

5. Real Estate Taxes Paid
   $ 17,138.43

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and ZIP code
MOHAMED E HASSAN
3500 JAMES MADISON
HAYMARKET VA 20169-1932

Account number (see instructions)
0359312769

Substitute Form 1098

Department of the Treasury - Internal Revenue Service

## Mail This Portion With Your Payment

COPY

### MORTGAGE PAYMENT COUPON

| Account Number | Repayment Plan Due Date | Repayment Plan Payment Amount | Late Fee | Amount With Late Fee | Past Due Amount | Total Amount Due |
|---|---|---|---|---|---|---|
| 0359312769 | 03011110 | $4,000.00 | | | | |

MOHAMED E HASSAN

**Extra Funds**

| | |
|---|---|
| Full Payment(s) | $XXX |
| ADDITIONAL Principal | $ XXX |
| ADDITIONAL Escrow | $ XXX |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Please assist GMAC Mortgage in applying your payment correctly.

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

02   1209   0359312769   0069367872   00000   22222

# GMAC Mortgage



3451 _____ Avenue
Water___, _A 50702
1-800-766-4622/Follow the Prompts

**Important Note:** ...ccordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

## ESCROW ANALYSIS STATEMENT

ACCOUNT NUMBER: 0359312769

PROPERTY ADDRESS:
3500 JAMES MADISON HIGHWAY
HAYMARKET VA 20169-0000

ANALYSIS DATE: MARCH 26, 2010

4586-0001127-001
MOHAMED E HASSAN
3500 JAMES MADISON HWY
HAYMARKET VA 20169-1932

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section 1:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| COUNTY | JULY 2010 | 4,464.15 | 4,464.15 |
| COUNTY | JULY 2010 | 4,703.84 | 4,703.84 |
| UTILITY DISTRIC | JULY 2010 | 35.00 | 35.00 |
| UTILITY DISTRIC | JULY 2010 | 13.18 | 13.18 |
| UTILITY DISTRIC | JULY 2010 | 13.18 | 13.18 |
| COUNTY | DECEMBER 2010 | 2,982.15 | 4,464.15 |
| COUNTY | DECEMBER 2010 | 2,162.15 | 2,162.15 |
| UTILITY DISTRIC | DECEMBER 2010 | 35.00 | 35.00 |
| UTILITY DISTRIC | DECEMBER 2010 | 13.18 | 13.18 |
| UTILITY DISTRIC | DECEMBER 2010 | 13.18 | 13.18 |

TOTAL ANNUAL DISBURSEMENTS:    12,807.84
TOTAL ESCROW PAYMENT:    1,067.32

The amounts above are based on either an estimate previously provided or the amount last disbursed.

| | | New | Prior Analysis |
|---|---|---|---|
| New Payment Amount: | | 1,067.32 | 1,067.32 |
| New Payment Effective: | | | 143.45 |
| Next Scheduled Analysis: | | 0.00 | |
| Payment change: | | | |
| Escrow | | 1,067.32 | 1,210.77 |
| Surplus/Shortage | | 5,094.63 | 5,094.63 |
| | | 6,116.95 | 6,305.40 |
| Total | | | |
| Principal/Interest | | | |
| Total Payment | | | |

6,161.95    275.55
MAY 01, 2010
MAY 01, 2011

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

Any questions regarding changes in the "Estimated Amount of Next Disbursement" should be directed to your Tax Authority and/or Insurance Company.

**To reach our insurance department call: 1-800-256-9962.**

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

680-0680-1200F

## UNRELEASED SURPLUS NOTICE



### THIS IS NOT A CHECK

| Surplus Amount |
|---|
| 275.55 |

| Account Number |
|---|
| 0359312769 |



# GMAC Mortgage

MOHAMED E HASSAN

**Mohamed Hassan**
3500 James Madison Hwy
Haymarket, VA 20169
(703) 898-0204

COPY

February 9, 2010

Ms. Kristian Salazar, Manager
GMAC Mortgage, LLC
Loss Mitigation Department
233 Gibraltar Road
Suite 600
Horsham, PA 19044

RE:   **Loan No.  0359312769**
      **3500 James Madison Hwy, Haymarket VA 20169**

Dear Ms Salazar:

After our conversation on Wednesday, January 13, 2010 for the above referenced loan, I have mailed you all the documents you requested and I have faxed them as well.

**I have received the mortgage statement with a note that the loan modification has been accepted (see attached statement) and my loan is modified to $4,000.00 a month starting March 01, 2010.**

When I received the letter I tried contacting you but Ms. Lorena (Teller ID # 11020) answered me and informed me that you are very busy. I told her about my situation and she said that I was paid to May 01, 2010 and I have an average of $1,590.62 which she said she will apply to my payment of May 2010.

On Tuesday, February 09, 2010 I received a very disturbing telephone call from someone called John that he refuse to give any other information about himself and stated that I was denied for the modification !!!!!!!!!!!!!!!!!!!! I explain to him that I have a document from GMAC Mortgage that the modification has been honored and I offer to fax him a copy but first I requested his teller ID or his last name and he refused and was very rude and hang up on me.

I am tired of receiving different messages from your company with different incompetent persons contacting me with conflicting messages.

Please find attached a copy of the GMAC Mortgage statement with loan modification has been accepted and my next payment is 03/01/2010.  What about the statement of Ms. Lorena about my next payment is 05/01/2010?????

Page 1 of 2

Finally, I would like someone responsible to contact me and explain what is going on?
Please.

Please contact me at my cell 703-898-0204 or email me at mohamed417@msn.com

Thank you,

Mohamed Hassan

Page **2** of **2**

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.54 |

HAYMARKET VA
FEB 09 2010
Postmark Here

Sent To  Kristian Sabre GMAC MTG.

Street, Apt. No.; or PO Box No.  Loss Mitigation

City, State, ZIP+4  233 Gibraltar Rd Suite 600 Horsham PA 19044

PS Form 3800, August 2006                See Reverse for Instructions

7009 0960 0000 2794 5158

Haymarket Post Office
Haymarket, Virginia
20169998
...0007

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

N.S. Kristian Sabre
Loss Mitigation
GMAC MTG
233 Gibalhar Rd
Suite 600
Horsham, PA 19044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

Loss Mitigation
233 Gibralter Road
Horsham PA 19044

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service)    7009 0960 0000 2794 5158

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



COPY

# GMAC Mortgage

COPY

February 22, 2010

Mohamed E Hassan
3500 James Madison
Haymarket VA 20169

RE:    Account Number        0359312769
       Property Address      3500 James Madison Highway
                             Haymarket VA 20169

Dear Mohamed E Hassan:

This letter is in response to your loan modification request on the above-referenced account.

Our records indicate, on January 14, 2010, a three-month repayment plan was established on your account. This plan included the following payments.

- February 1, 2010          $4,000.00
- March 1, 2010             $4,000.00
- April 1, 2010             $4,000.00

On January 25, 2010, we received your loan modification documents. Unfortunately, after reviewing your loan modification documents, we were unable to calculate an affordable payment. Therefore, your three-month repayment plan was cancelled and your loan modification request denied.

To discuss the current payment due, please contact our Collection Department at 1-800-850-4622. We apologize for any confusion with the three-month repayment plan and for your frustration with the denial of the loan modification.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

TN

3451 Hammond Ave
Waterloo, IA 50704

00030

**GMAC Mortgage**

□ COPY

June 30, 2010

Mohamed E Hassan
3500 James Madison Hwy
Haymarket, VA 20169-1932
I.I.IIII.....II.I.I...I.II.I.....I.II..I.III....II..III...II...II

Re: Loan Number              0359312769

    Property Address          3500 JAMES MADISON HIGHWAY
                              HAYMARKET, VA 20169

Dear Mohamed E Hassan:

We have been unsuccessful in our attempts to reach you to discuss possible workout options.
In order to consider a workout and/or repayment for your mortgage loan, it is critical that the
enclosed Financial Analysis Form is completed and returned to our office at your earliest
opportunity. Please fax the documentation to 1.866.709.4744. In addition to the completed
Financial Analysis Form, please provide the following:

1) **Signed letter explaining the cause of default or imminent (future) default and signed
   Hardship Affidavit**
2) **Copies of the two most recent pay stubs (for each borrower on the loan) or, if self-employed,
   a current income statement, balance sheet, statement of owner's equity and a 6-month profit
   and loss statement**
3) **Copy of your most recent Federal Tax return with all schedules and completed Request for
   Transcript of Tax Return, Form 4506-T**

Please allow five business days from the date of receipt to process your financial package. If
you have any questions regarding this information, please contact us at 1.800.799.9250
(Monday - Thursday 8:00 a.m. to 7:00 p.m., Friday 8:00 a.m. to 5:00 p.m., Central time).
Thank you once again for contacting GMAC Mortgage. We look forward to assisting you in
the near future.

Sincerely,

Asset Resolution Specialist

Enclosure

*Please note, federal law requires that we advise you that this letter and all subsequent communication
(written and/or oral) is an attempt to collect a debt and any information obtained will be used for that
purpose.*

GMAC Mortgage
2711 North Haskell Avenue       Suite 900    Dallas, TX 75204
Phone.1.800.799.9250            Fax.1.866.709.4744
gmacmortgage.com

Instr:200411220190008    Pg: 1 OF 2
Prince William County, VA
11/22/2004 2:12:43PM    Grantor Tax Pc
David C. Mabie, Clerk    $180.00

This document was prepared by The Lee Law Firm, PC

| | |
|---|---|
| Grantee's Address: | 3500 James Madison Highway<br>Haymarket, VA, 20169 |
| Tax Map No.: | 7200-95-3676 |
| Consideration: | $180,000.00 |
| After recordation,<br>return to: | Washington Title & Escrow, Inc.<br>5105E Backlick Road, Suite 201<br>Annandale, VA 22003 |

# DEED

THIS DEED, made this 18th day of November, 2004, by and between CHARLES WILLIAM SMITH, JR., and ("Grantor"), and MOHAMED HASSAN and Miriam HASSAN ("Grantee"),

Witnesseth, that:

For and in consideration of the sum of ONE HUNDRED EIGHTY THOUSAND AND 00/100 Dollars ($180,000.00), and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor does hereby grant, bargain, sell and convey, with General Warranty of title unto the said Grantee in fee simple, Tenants by the Entirety with right of survivorship, all of the following parcel of real property, with improvements thereon, located in the County of PRINCE WILLIAM, Commonwealth of Virginia, to wit:

Beginning with at a point in the northwest right-of-way of James Madison Highway, a/k/a U.S Route 15, corner to Peyton, proceeding South 87 degrees 14'41" West, 480.94 feet to an iron post upon corner to Peyton, Perry and Smith, then proceeding with Perry North 2 degrees, 39'40" 1178.56 acres to a point to an iron post found at the corner to Smith, Perry and Lee, proceeding with the boundary of Lee, south 82 degrees, 37'27" East 582.57 feet to an iron post found at the corner to Lee and Smith at the Edge of the right-of-way of James Madison Highway, being U.S. Route 15, thence proceeding with the right-of-way of U.S. Route 15 South, 8 degrees, 1'12" West 1,090.05 feet to the point of beginning.

AND BEING the same property conveyed to the Grantor from by Deed of Dedication recorded in Deed Book 2137 at Page 1822, among the land records of PRINCE WILLIAM, Virginia.



PLAINTIFF'S EXHIBIT
B

Instr:200411220198008
Page: 2 OF 2

This conveyance is made subject to covenants, conditions, restrictions, easements and rights of way of record.

WITNESS the following signatures and seals:

*Charles W. Smith, Jr.*

CHARLES WILLIAM SMITH, JR.

By his/her attorney-in-fact,

*Betty W. Elkins*

STATE OF VIRGINIA
COUNTY OF FAIRFAX, to wit:

The foregoing instrument was acknowledged before me by BETTY A. ELKINS this 18th day of November, 2004.

Notary Public: *Michael Lee*

My Commission Expires: 6/30/07

MICHAEL S. LEE
Notary Public
Commonwealth of Virginia
My Commission Exps. June 30, 2007

Deed                          Page 2                          WT04473T

 maps

**Directions to 3500 James Madison Hwy,
Haymarket, VA 20169**
26.4 mi – about 40 mins

Save trees. Go green!
Download Google Maps on your
phone at **google.com/gmm**





PLAINTIFF'S
EXHIBIT

C

**FIRST SAVINGS MORTGAGE CORPORATION**

PO BOX 205
WATERLOO IA 50704-0205

## MORTGAGE ACCOUNT STATEMENT

PROPERTY ADDRESS

| | | |
|---|---|---|
| Name: | Mohamed E Hassan | 3500 JAMES MADISON HIGHWAY |
| Account Number: | 0359312769 | HAYMARKET VA 20169 |
| Home Phone #: | (703)898-0204 | |

Services Provided By **GMAC** Mortgage

MOHAMED E HASSAN
3500 JAMES MADISON
HAYMARKET VA  20169-1932



Customer Care Inquiries:    1-800-766-4622

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

### ACCOUNT INFORMATION

| | |
|---|---|
| Account Number | 0359312769 |
| Statement Date | March 22, 2011 |
| Maturity Date | July 01, 2036 |
| Interest Rate | 6.62500 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $15,905.03- |
| Principal Balance(PB)* | $922,800.00 |

### DETAILS OF AMOUNT DUE/PAID

| | |
|---|---|
| Principal and Interest | $5,094.63 |
| Subsidy/Buydown | $0.00 |
| Escrow | $1,067.32 |
| Unpaid Amount | $94,017.29 |
| Late Charges | $5,094.60 |
| Other | $6,449.96 |
| Total Unpaid Amount | $111,723.80 |
| Payment Date | January 01, 2010 |

For questions on the servicing of your account,
call 1-800-766-4622.

### ACCOUNT ACTIVITY SINCE LAST STATEMENT

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| REO Fire Ins Paid | 12/01/09 | 02/23/11 | $712.00 | | | $712.00 | | | |
| Escrow Receipt | 12/01/09 | 02/21/11 | $3,199.08 | | | $3,199.08 | | | |
| Escrow Receipt | 12/01/09 | 02/21/11 | $13.18 | | | $13.18 | | | |
| Escrow Receipt | 12/01/09 | 02/21/11 | $35.00 | | | $35.00 | | | |
| REO Fire Ins Paid | 12/01/09 | 01/24/11 | $965.00 | | | $965.00 | | | |
| REO Fire Ins Paid | 12/01/09 | 12/23/10 | $965.00 | | | $965.00 | | | |
| Escrow Receipt | 12/01/09 | 12/16/10 | $13.18 | | | $13.18 | | | |
| Escrow Receipt | 12/01/09 | 12/16/10 | $35.00 | | | $35.00 | | | |
| Escrow Receipt | 12/01/09 | 12/16/10 | $3,199.08 | | | $3,199.08 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### IMPORTANT NEWS

Our records indicate that you have filed for bankruptcy protection.  This statement is being provided as a convenience and in connection with your post-petition payments being made in accordance with your bankruptcy plan.  If you do not want us to send you mortgage account statements in the future, please contact us at the number listed above.

**See Reverse Side For Important Information And State Specific Disclosures**

**No remittance is required if payments are being remitted by the Bankruptcy Trustee**

### MORTGAGE PAYMENT COUPON

FIRST SAVINGS MORTGAGE CORPORATION

| Account Number | Post Petition Payment Date | Post Petition Payment Amount | Post Petition Late Fee | Post Petition Payment With Late Fee |
|---|---|---|---|---|
| 0359312769 | 00/00/00 | $0.00 | | |
| MOHAMED E HASSAN | | | | |

This statement is being furnished for informational purposes only.

Please assist GMAC Mortgage in applying your payment correctly.

| Extra Funds | | |
|---|---|---|
| Full Payment(s) | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Other Fees (please specify) | $ | |
| Total Amount Enclosed | $ | |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

**PLAINTIFF'S EXHIBIT**

D

02  0000  0359312769  00000000  25473  22222  8

5901
0359312769

## GMAC Mortgage

PO Box 4025
Coraopolis, PA 15108-6942

**IMPORTANT INSURANCE INFORMATION**

Notification Date:        03/21/2011

000115 - 000229
MOHAMED HASSAN
3500 JAMES MADISON HWY
HAYMARKET, VA 20169-1932

RE:  **REFERENCE NUMBER: 5901**
Loan Number: 5901-0000-0359312769
Hazard Insurance Uninsured Date: 03/21/2011
Property Location:    3500 JAMES MADISON HIGHWAY
HAYMARKET VA  20169

Dear Customer:

A review of our records indicates we have no evidence of current hazard insurance coverage on your property.  As you know, under the terms of your mortgage/deed of trust, hazard insurance coverage is a requirement.

If you have a hazard policy in effect, please forward a copy of the policy to our office immediately, or fax a copy of your policy to us at (866) 336-9021. You may also provide us immediately with your insurance information through our user-friendly web site at www.ihaveinsurance.com. You will need to enter the reference number 080103665, your personal access code 5901HZ and zip code 20169.  Please have your agent follow up with hard copy evidence of your insurance within 60 days to avoid additional requests for evidence of insurance.  Please make sure that the appropriate loss payee clause naming us as the mortgagee is GMAC Mortgage, LLC, Its Successors and/or Assigns.   We recommend you speak with your insurance company or agent for assistance.

If you do not have current insurance in place, we urge you to immediately contact an insurance company or local insurance agency and arrange to purchase homeowners insurance or a similar form of dwelling coverage to adequately protect your equity in your property.

In order to prevent us from purchasing lender-placed hazard insurance coverage on your property, we must be provided with evidence of insurance coverage with an effective date of 03/21/2011.  If we are required to purchase coverage, you will be responsible for any insurance charges incurred in order to ensure uninterrupted coverage on the property.  Any charges will be included in any statements that you may receive going forward.  The charges for this insurance, and any state imposed fees, would be paid from your escrow/impound account.  If you do not have an escrow/impound account, one may be established.  If you obtain your own insurance coverage and there is a lapse between the effective date of your policy and the lender-placed hazard insurance coverage, you will be responsible for the insurance charges for that period.

The coverage amount placed will be based on the replacement value, which we believe is the last known amount of coverage you purchased. If we do not have that information, the coverage amount will be based on the unpaid principal balance of all mortgage liens against the property that are serviced by us.  Lender-placed hazard insurance does not provide guaranteed replacement cost coverage.  This insurance may cost substantially more than insurance you are able to obtain on your own.

If you have any questions regarding this matter, please do not hesitate to contact our office at (800) 256-9962 from 4 a.m. to 8 p.m. PST, Monday through Friday. Your calls may be monitored for quality assurance.

**Notice Regarding Bankruptcy:**  If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by GMAC Mortgage, LLC is for the sole purpose of protecting our lien interest in your property and not to recover



PLAINTIFF'S
EXHIBIT
E